IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATIONAL ALLIANCE FOR          )
ACCESSIBILITY, INC., a Florida )
not for profit corporation,    )
and DENISE PAYNE,              )
Individually,                 )          1:11-cv-877
                              )
               Plaintiff,     )
                              )
        v.                    )
                              )
MACY'S RETAIL HOLDINGS, INC., )
                              )
               Defendant.     )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiffs National Alliance for Accessibility, Inc. ("NAA") and Denise Payne ("Payne") seek declaratory and injunctive relief against Defendant Macy's Retail Holdings, Inc. ("Macy's"), for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (2006 & Supp. 2012) ("ADA"). Before the court is Macy's motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for an award of its reasonable attorneys' fees pursuant to 42 U.S.C. § 12205. (Doc. 14.) For the reasons set forth below, the court will grant Macy's motion to dismiss on

the ground that Plaintiffs lack standing but will deny Macy's request for attorneys' fees.

## I. BACKGROUND

Payne, who was born with cerebral palsy and is confined to a wheelchair, characterizes herself as an advocate for disabled individuals. (Doc. 1 ¶¶ 5, 8; Doc. 16-1 (Payne affidavit) ¶¶ 1, 4, 6, 7.) From her home state of Florida (Doc. 1 ¶ 7), Payne and the organization she founded, the NAA, seek to promote equality for disabled individuals through ADA litigation (id. ¶¶ 1, 6). As of September 4, 2012, Payne had filed approximately 292 ADA lawsuits, over 80 of them in North Carolina. Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5:11-CV-741-FL, 2012 WL 3835870, at *1 (E.D.N.C. Sept. 4, 2012). To date, Payne has filed 24 ADA lawsuits in the Middle District of North Carolina alone.

Payne alleges that architectural barriers relating to the height of counters and water closet arrangement at Macy's store at Hanes Mall in Winston-Salem, North Carolina, "have endangered her safety." (Id. ¶¶ 5, 15.) Additional but unspecified violations of the ADA at Macy's are also alleged.[1] (Id.)

The complaint alleges that Payne twice visited the Macy's store at Hanes Mall, once in 2010 and again over a year later,

---

[1] Payne's affidavit repeats many of the allegations in the complaint, while adding some detail to the architectural barriers noted in the complaint. (See Doc. 16-1 ¶¶ 1-4, 6-11.)

and "plans to return to the property to avail himself [sic] of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant." (Doc. 1 ¶ 5.) Payne visited "the property that forms the basis of this lawsuit" on July 26, 2010, on her way back to Florida after attending an annual church retreat in Virginia held about two weeks earlier. (Id. ¶ 7.) Payne also alleges that she visited Raleigh, North Carolina, in October 2011, in part for purposes of her organization, and that during this same trip "Plaintiff intends to visit the Richard Petty NASCAR Museum in Randleman," approximately 40 miles from Winston-Salem. She has an annual pass to the museum.[2] (Id. ¶¶ 8, 9.) Of greater import, however, is Payne's allegation that on October 19, 2011, she met with her attorney, whose office is seven miles from Macy's, and thereafter visited the Macy's store for a second time. (Id. ¶ 10; see Doc. 1-2 (signed October 19, 2011 verification to complaint).)

Payne also alleges she has traveled to North Carolina "frequently in recent years to visit and meet with business

---

[2] For a history of Payne's allegations relating to the museum at the time of her July 2010 trip and generally, see National Alliance for Accessibility, Inc. v. Triad Hospitality Corp., No. 1:11-cv-527, 2012 WL 996661, at *3, *5 (M.D.N.C. Mar. 23, 2012), which reviews Payne's changing story with respect to her alleged visit to a racing museum in July 2010. As noted in Triad Hospitality, "[u]nclear from [Payne's] change of fact is how a small museum located some 44 miles from Winston-Salem attracts Payne to the vicinity of [a hotel in Winston-Salem]." Id. at *5. The same observation applies here.

associates and friends." (Id. ¶ 6.) Payne's May 10, 2012 affidavit states that she has traveled to North Carolina "approximately 10 times in recent years." (Doc. 16-1 ¶ 3.) She further alleges that part of her travel is to increase membership in the National Alliance for Accessibility and to start local chapters in Raleigh and Asheville.[3] (Doc. 1 ¶ 6.)

The complaint alleges that "[i]n the future, Plaintiff Denise Payne intends to meet with her counsel in the Winston-Salem area" and "intends to stay in places of public accommodation in the vicinity, and to patronize shopping and dining establishments in the vicinity." (Id. ¶ 11.) Payne also "intends to continue her work with National Alliance for Accessibility, Inc. and to meet with business contacts throughout North Carolina." (Id.) Payne "desires to visit Macy's not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." (Id. ¶ 14.)

Payne's affidavit states that she visited the property for a third time on March 31, 2012, which was over five months after her last stated visit prior to filing the complaint. (See Doc.

---

[3] Payne states that there are four members of the NAA who are North Carolina residents. She does not specify their locations within the state. (Doc. 16-1 ¶ 5.) This was an increase of one member since the complaint. (See Doc. 1 ¶ 6.)

4

16-1 ¶ 8 (describing third visit).) She states that the March 31, 2012 visit was to meet with her attorney and to handle other, undisclosed, business matters. (Doc. 16-1 ¶ 10.) She met her attorney at the food court at Hanes Mall "to discuss cases that he is working for me" and she and her attorney "handled several legal matters" at the food court. (Id.)

## II. ANALYSIS

Macy's moves to dismiss the complaint pursuant to Rule 12(b)(1) and for attorneys' fees as the prevailing party. (Doc. 14.) Federal district courts exercise limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). For a case or controversy to be justiciable in federal court, a plaintiff must allege "'such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf.'" White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005) (quoting Planned Parenthood of S.C. v. Rose, 361 F.3d 786, 789 (4th Cir. 2004)). The judicial doctrine of standing is "an integral component of the case or controversy requirement." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011) (citation and internal quotation marks omitted). The party seeking to invoke the federal courts' jurisdiction has the burden of satisfying Article III's standing requirement. Miller

v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). To meet that burden, a plaintiff must demonstrate three elements: (1) that she has suffered an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) that the injury is fairly traceable to the challenged conduct; and (3) that a favorable decision is likely to redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 1:11-cv-941, 2012 WL 1440226, at *3 (M.D.N.C. Apr. 26, 2012).

Where, as here, a plaintiff seeks injunctive relief, the injury in fact element requires a showing of "irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). According to the Supreme Court, "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." Id. at 103. "Absent a sufficient likelihood that [the plaintiff] will again be wronged in a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen." Id. at 111.

When resolving a motion under Rule 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'"[4] Evans

---

[4] When a party moves under Rule 12(b)(1) on the basis that a complaint fails to allege facts supporting the court's subject matter

6

v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).  Where, as here, a defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts facts alleged in the complaint as true just as it would under Rule 12(b)(6).[5]  Kerns v. United States, 585 F.3d 187, 192-93 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

**A. Denise Payne**

Payne has filed over eighty lawsuits in North Carolina asserting ADA claims.  District courts have found under similar circumstances that Payne and her organization lack standing. E.g., Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5:11-CV-741-FL, 2012 WL 3835870 (E.D.N.C. Sept. 4, 2012); Nat'l Alliance for Accessibility, Inc. v. NCP Western Blvd. LLC, 5:11-CV-357-FL, 2012 WL 3834931 (E.D.N.C. Sept 4,

---

jurisdiction, the plaintiff "is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  On the other hand, where a party contests the veracity of the jurisdictional allegations in the complaint, "[a] trial court may consider evidence by affidavit" and "weigh[] the evidence to determine its jurisdiction." Id.

[5]  The court does so even though in Triad Hospitality, 2012 WL 996661, Payne submitted an affidavit to this court in support of her standing to bring an ADA claim against a hotel in Winston-Salem which contained representations as to her travel activities that were demonstrated to be materially incorrect.

7

2012); <u>Nat'l Alliance for Accessibility, Inc. v. Nassimi
Amsterdam Dev., L.P.</u>, 5:11-CV-769-BO (E.D.N.C. Aug. 1, 2012),
Doc. 28; <u>Nat'l Alliance for Accessibility, Inc. v. Eutaw
Shopping Ctr., Inc.</u>, 5:11-CV-765-BO (E.D.N.C. Aug. 3, 2012),
Doc. 42; <u>Nat'l Alliance for Accessibility, Inc. v. Paris &
Potter Mgmt. Corp.</u>, 5:12-CV-86-BO (E.D.N.C. Aug. 7, 2012), Doc.
22; <u>Payne v. Tri-Player Invs., LLC</u>, 5:12-CV-115-BO (E.D.N.C.
Aug. 7, 2012), Doc. 30; <u>Payne v. TR Assocs., LLC</u>, --- F. Supp.
2d ---, 2012 WL 3113211 (E.D.N.C. Jul. 20, 2012); <u>Payne v.
Sears, Roebuck & Co.</u>, No. 5:11-CV-614-D, 2012 WL 1965389
(E.D.N.C. May 31, 2012); <u>Nat'l Alliance for Accessibility, Inc.
v. Big Lots Stores, Inc.</u>, No. 1:11-cv-941, 2012 WL 1440226
(M.D.N.C. Apr. 26, 2012); <u>Nat'l Alliance for Accessibility,
Inc., v. Triad Hospitality Corp.</u>, No. 1:11-cv-527, 2012 WL
996661 (M.D.N.C. Mar. 23, 2012); <u>Nat'l Alliance for
Accessibility, Inc. v. Bhuna Corp.</u>, No. 1:11cv79, 2011 WL
6936181 (W.D.N.C. Dec. 30, 2011), <u>adopting</u> 2011 WL 6935497
(W.D.N.C. Dec. 3, 2011) (Howell, M.J.); <u>Nat'l Alliance for
Accessibility, Inc., v. Rite Aid of N.C., Inc.</u>, No. 1:10CV932
(M.D.N.C. Nov. 7, 2011), Doc. 28, <u>adopting</u> 2011 WL 4499294
(M.D.N.C. Sept. 27, 2011) (Auld, M.J.); <u>Nat'l Alliance for
Accessibility, Inc. v. Waffle House, Inc.</u>, No. 5:10-CV-385-D,
2011 WL 4544017 (E.D.N.C. Sept. 29, 2011); <u>Nat'l Alliance for
Accessibility, Inc. v. Tunnel Road (E&A) LLC</u>, 1:10cv282, 2011 WL

8

1789958 (W.D.N.C. May 10, 2011), <u>adopting</u> 2011 WL 1791293 (W.D.N.C. Apr. 8, 2011) (Howell, M.J.); <u>Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc.</u>, 5:10-CV-375-FL, 2011 WL 2580679 (E.D.N.C. June 29, 2011); <u>Nat'l Alliance for Accessibility, Inc. v. Horne-River Ridge II, LP</u>, Civil No. 1:10cv286, 2011 WL 1060435 (W.D.N.C. Mar. 23, 2011), <u>adopting</u> 2011 WL 1103791 (W.D.N.C. Mar. 3, 2011) (Howell, M.J.); <u>Access for the Disabled, Inc. v. Karan Krishna, LLC</u>, No. 5:10-CV-123-WW, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011) (Webb, M.J.), <u>aff'd</u>, 453 F. App'x 419 (4th Cir. 2011) (per curiam) (unpublished); <u>see</u> <u>Harty v. Luihn Four, Inc.</u>, 747 F. Supp. 2d 547 (E.D.N.C. 2010), <u>aff'd</u>, 453 F. App'x 347 (4th Cir. 2011) (per curiam) (unpublished).[6]

---

[6] Plaintiffs cite two opinions of district courts sitting in North Carolina which declined to dismiss another plaintiff's claims for lack of standing. (Doc. 16 at 13-14 (citing <u>Harty v. Waffle House</u>, No. 7:11-CV-138-D (E.D.N.C. Sept. 30, 2011), Doc. 17, and <u>Harty v. Pa. Real Estate Inv. Trust</u>, No. 7:11-CV-16-H (E.D.N.C. Feb. 15, 2012), Doc. 14).) Neither opinion presented an analysis and both denied a motion to dismiss based upon a conclusion that the affidavit submitted in each case was sufficient at that stage of the litigation. Plaintiffs' brief discusses the referenced affidavits (Doc. 16 at 5-6, 13-14), but Plaintiffs failed to submit the affidavits to this court. Further, the court in <u>Payne v. Sears, Roebuck & Co.</u>, No. 5:11-CV-614-D, 2012 WL 1965389, at *5 (E.D.N.C. May 31, 2012), recently distinguished <u>Harty v. Waffle House</u>, noting that Payne had not indicated, prior to filing the complaint in <u>Sears</u>, that she had already made plans to return to the property in question, thus declining to consider her affidavit which asserted that since filing the lawsuit she planned a specific trip to North Carolina. Accord <u>Harty v. Lumber River Assocs., LLC</u>, No. 7:11-CV-146-FL, 2012 WL 3870370, at *3-4 (E.D.N.C. Sept. 6, 2012) ("Here, Harty has failed to conclusively demonstrate that his alleged future plans to re-visit defendants' shopping center in December 2011 existed at the time of the filing of the complaint."; finding Harty's affidavit insufficient

In assessing the plausibility of a plaintiff's claim that she is likely to return to the site of the discrimination (at least once the barriers to her return are removed), and thus can satisfy the requirement that she faces an actual or imminent threat of future harm, courts often find the following factors helpful: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. <u>Big Lots Stores</u>, 2012 WL 1440226, at *4 (citing cases).

### 1. **<u>Daniels v. Arcade L.P.</u>**

Plaintiffs point to the Fourth Circuit's unpublished opinion <u>Daniels v. Arcade L.P.</u>, 477 F. App'x 125 (4th Cir. 2012) (per curiam) (unpublished), arguing that the Fourth Circuit altered the standard of review in ADA cases from that of earlier opinions of district courts in the circuit. (Doc. 16 at 2-7.) Payne asserts that the Fourth Circuit declined to follow the four-factor test, "holding that the test 'overly and unnecessarily complicates the issue at hand.'" (Doc. 16 at 2 (quoting <u>Daniels</u>).) Despite Payne's assertion that the Fourth

to determine that the asserted visit had been planned prior to the filing of the complaint); <u>Nat'l Alliance for Accessibility, Inc. v. NCP Western Blvd. LLC</u>, No. 5:11-CV-357-FL, 2012 WL 3834931, at *3 (E.D.N.C. Sept. 4, 2012) (recognizing same distinction; granting motion to dismiss). For the reasons discussed below, the court concludes this case is closer to <u>Sears</u>, <u>Lumber River</u>, and <u>NCP Western</u> than to <u>Harty v. Waffle House</u> or <u>Pennsylvania Real Estate</u>.

Circuit in _Daniels_ "declined to follow the four part test" (Doc. 16 at 2), post-_Daniel_ opinions cited above applied the four-factor test to motions to dismiss pursuant to Rule 12(b)(1) in cases where a plaintiff resides a significant distance from the property in question.

_Daniels_ is distinguishable. First, in this circuit unpublished cases are not precedential. _Collins v. Pond Creek Mining Co._, 468 F.3d 213, 219 (4th Cir. 2006) (noting that unpublished decisions have no precedential value and are "entitled only to the weight they generate by the persuasiveness of their reasoning" (quoting _Hupman v. Cook_, 640 F.2d 497, 501 & n.7 (4th Cir. 1981))). _Daniels_ itself made that point clear. _See Daniels_, 477 F. App'x at 126 (cautioning that "[u]npublished opinions are not binding precedent in this circuit").

Second, Payne selectively quotes from _Daniels_. The Fourth Circuit stated that it declined to endorse the four-factor test "at this time" because "the use of this type of analysis in some cases, such as the present one, overly and unnecessarily complicates the issue at hand." _Daniels_, 477 F. App'x at 129 (emphasis added). _See Harty v. Lumber River Assocs., LLC_, No. 7:11-CV-146-FL, 2012 WL 3870370, at *2 (E.D.N.C. Sept. 6, 2012) (describing _Daniels_ opinion as "declining to formally endorse four-factor test as it was not helpful under the circumstances of that particular case"). Thus, the court of appeals viewed

11

the four-factor test as overly and unnecessarily complicating the issue at hand with respect to a plaintiff who resided near the property in question and who regularly visited the property. Payne, who lives over 700 miles from Macy's, does not regularly visit the Macy's store. As noted by Judge Boyle in the Eastern District of North Carolina in distinguishing a lawsuit brought by Payne: "Those few ADA suits that have been permitted to go forward despite vague plans to return have involved plaintiffs who live 'in relatively close proximity' to the site in question, and for whom the likelihood of return was necessarily greater." Payne v. TR Assocs., LLC, --- F. Supp. 2d ---, ---, 2012 WL 3113211, at *4 (citing Daniels). Payne does not live "in relatively close proximity" to the Defendant.

Third, Daniels reveals how the facts of the present case fall far short of those presented there. Cf. Daniels, 477 F. App'x at 129-30 (finding that Daniels alleged a concrete and particularized injury to support standing under Rule 12(b)(6) where he lived within 20 miles of the market, "regularly visits" it, and was himself barred entry by "inaccessible entry routes, inaccessible ramps, inaccessible restrooms, and other inaccessible amenities"). Daniels, therefore, does not alter the analysis undertaken by this and other courts, at least when a plaintiff resides far from the property plaintiff claims violates the ADA.

12

Thus, the court finds that the four-factor test properly provides guidance in the circumstances presented here. Payne does not suggest additional factors for the court to consider.

### 2. Application of Factors to Payne

The first factor in determining whether Payne states a plausible claim that she is sufficiently likely to return to the site of the alleged discrimination is the plaintiff's proximity to the defendant's place of business. See Big Lots Stores, 2012 WL 1440226, at *4-5 (reviewing case law). Suffice it to say that Payne resides over 700 miles from the Macy's store in Winston-Salem. The primary proximity referenced by Plaintiffs relates to Payne's planned meetings with North Carolina counsel, which is addressed below. This factor weighs against Payne.

The second factor considers Payne's past patronage of Macy's. See Big Lots Stores, 2012 WL 1440226, at *5 (reviewing case law). Payne seeks to distinguish this case from opinions in such cases as Triad Hospitality, Bhuna, and Waffle House, which dismissed her claims, stating that all three cases dealt with a plaintiff who visited the property in question only a single time prior to bringing a complaint. (Doc. 16 at 11-13.) Payne asserts that this case is "factually different," because she alleges that she patronized Macy's twice prior to filing her complaint and, according to her affidavit, one time since. (Doc. 1 ¶¶ 7, 10; Doc. 16-1 ¶ 8; see Doc. 16 at 7 (Payne "a

13

person who has been thrice-victimized by Defendant's property for lack of compliance with the ADA").)

The court agrees with Chief Judge Dever of the Eastern District who, in addressing this same situation with Payne, observed that a pre-filing second visit does not necessarily make a post-filing return likely. Payne v. Sears, Roebuck & Co., 2012 WL 1965389, at *5 (noting that "[i]n fact, the opposite might be true": "ADA Title III plaintiffs, aware that a single visit to an establishment weighs against their having standing, are likely to visit the establishment twice before suing its owner, thus intentionally avoiding the single-visit rule" and that "[s]uch litigation gamesmanship says nothing about a plaintiff's likelihood of suffering future injury"). The court in Sears noted that "when a plaintiff's patronage of a store suggests that he or she prefers an establishment, it is likely that he or she will return to that establishment in the future." Id. In the case before it, the court concluded that "Payne's two visits during the seventeen months before plaintiffs filed the complaint does not suggest that she prefers the store or faces a real and immediate threat of future harm." Id.

Such gamesmanship is readily apparent here, as demonstrated by the complaint and Payne's affidavit. The second visit to the Macy's store occurred some 15 months after the first, the day

14

Payne verified the complaint, and one day before the filing of this action. (See Doc. 1 ¶ 10 (second visit to Macy's immediately after meeting with attorney); Doc. 1-2 (signed verification dated October 19, 2011).) This timing can only lead to the conclusion that the second visit related solely to Payne's litigation strategy and, perhaps to a lesser degree, to verifying the same alleged violations she encountered 15 months earlier.[7] This factor weighs against Payne.

The third factor considers the definitiveness of a plaintiff's plans to return to the defendant's place of business. See Big Lots Stores, 2012 WL 1440226, at *6-7 (reviewing case law). Although a plaintiff need not specify a date of return, mere intent to return to the property "'some day[,]' . . . without any description of concrete plans, . . . do[es] not support a finding of the 'actual or imminent' injury" that Article III requires. Lujan, 504 U.S. at 564; Republic Bank & Trust Co. v. Kucan, 245 F. App'x 308, 310 (4th Cir. 2007) (per curiam) (unpublished) ("Whether a plaintiff has standing is determined by considering the relevant facts as they existed at the time the action was commenced.").

---

[7]  The court notes that the complaint states that on October 19, 2011, Payne visited the Macy's store "[a]fter meeting with her attorney." (Doc. 1 ¶ 10.) No reference is made to a subsequent meeting with her attorney that day. Payne's verification of the complaint is dated October 19, 2011, the day before commencement of this action.

Payne asserts that she plans to return to Macy's to avail herself of its goods and to determine ADA compliance, in effect acting as a "tester." Payne argues that this court should recognize "tester standing" sufficient to avoid a Rule 12(b)(1) challenge. (Doc. 16 at 21-23.) However, the court rejects this argument on two grounds. First, Payne's briefing exceeds the 20-page limit provided in Local Rule 7.3(d) ("responsive briefs are limited in length to 20 pages"), and she failed to move for permission to exceed the page limit. Payne's "tester" argument is contained in that portion subsequent to page 20.[8] Second, for the same reasons set out in this court's April 26, 2012 Big Lot Stores decision, Payne cannot use her status as a "tester" to satisfy standing requirements she otherwise fails to satisfy. See 2012 WL 1440226, at *7 (and cases cited therein); see also TR Assocs. --- F. Supp. 2d ---, ---, 2012 WL 3113211, at *3-5 (rejecting Payne's arguments of "tester" standing, including argument that the test for Article III standing for injunctive relief violates the language of the ADA itself).[9]

---

[8] Plaintiffs' brief, filed May 10, 2012, violates the same local rule previously discussed in this court's April 26, 2012 opinion in Big Lots Stores, another case brought by Plaintiffs.

[9] Within the 20-page brief limit, Payne argued that the "Proximity Test [i.e., four-factor test] inversely contradicts the Commerce Clause," which Congress used to enact the ADA, and asserts "it makes no sense to favor the rights of the purely intrastate traveler over the rights of the interstate traveler." (Doc. 16 at 19-20.) This argument misunderstands the Commerce Clause and the inability of Congress to pass legislation pursuant to the Commerce Clause which

With respect to her other ground for returning, nowhere in her affidavit or complaint does Payne indicate any particular items she plans to purchase at the store or any particular reason for shopping at a Macy's located over 700 miles from her home. In other words, she has articulated no grounds for returning to this specific store other than as a by-product of her litigation efforts. This factor weighs against Payne.

The fourth factor is the frequency of nearby travels. See Big Lots Stores, 2012 WL 1440226, at *8 (reviewing case law). On this record, Payne's prior sporadic trips to the area and presence in Winston-Salem related to meeting with her litigation counsel constitute weak evidence to establish that her nearby travels will make it likely that she will suffer actual or imminent harm. As other district judges have noted, "[i]t is implausible that Payne, a Florida resident, who travels approximately once or twice a year to [North Carolina], plans to return to each of the thirty-two [now over 80] properties in North Carolina she has sued for noncompliance with the ADA."

---

abridges the constitutionally required elements of Article III. Nor does the court's analytical framework "unreasonably burden" Payne's ability to travel across state lines. Sears, 2012 WL 1965389, at *8 (agreeing with "[o]ther courts [that] have considered and rejected plaintiffs' arguments"); Access for the Disabled, Inc. v. Karan Krishna, LLC, No. 5:10-CV-123-WW, 2011 WL 846854, at *4 (E.D.N.C. March 8, 2011) (Webb, M.J.) (rejecting Payne's Commerce Clause and interstate travel arguments), aff'd, 453 F. App'x 419 (4th Cir. 2011) (per curiam) (unpublished). This court rejects Payne's argument for the same reasons articulated in Sears and Karan Krishna.

<u>Nat'l Alliance for Accessibility, Inc. v. Bhuna Corp.</u>, No. 1:11CV79, 2011 WL 6935497, at *3-4 (W.D.N.C. Dec. 3, 2011) (Howell, M.J.) (quoting and reaching same conclusion as <u>Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc.</u>, No. 5:10-CV-375-FL, 2011 WL 2580679, at *3 (E.D.N.C. June 29, 2011)), <u>adopted</u>, 2011 WL 6936181 (W.D.N.C. Dec. 30, 2011).[10]

Other than vague plans to return to North Carolina in connection with her organization's activities and for other, unspecified, business purposes, Payne points to her expected visits with her North Carolina counsel, whose office is only a few miles from Macy's at Hanes Mall, and to a past and possible future meetings with her counsel at the Hanes Mall food court.

Payne's assertion that visits to an attorney with respect to litigation for which she would not otherwise have standing could itself give her standing is problematic, at best. It would appear anomalous to conclude that a plaintiff could file multiple lawsuits in a geographic area far removed from her residence and for which she would not otherwise have standing and then obtain standing based on her visits to an attorney in the area to discuss those very lawsuits for which she would otherwise lack standing. Regardless of the characterization of

---

[10] In this regard, the court does not, and absent abuse will not, hold Payne's litigation history against her.

Payne's assertion of why she will visit the Macy's store at Hanes Mall, the fourth factor weighs against Payne.

The court concludes that, taking Payne's allegations as true, she has failed to make the requisite showing that she is sufficiently likely to suffer an actual or imminent injury. Her residence of some 700 miles from the Macy's Store at Hanes Mall, her limited number of past trips to Winston-Salem, her gamesmanship, and her vague plans of returning to Winston-Salem other than for litigation purposes render implausible her representation that she faces an actual or imminent threat of future harm despite her claim that she has visited the Macy's store three times in a three-year period. The absence of a plausible claim that Payne will suffer an irreparable injury in fact prevents her from having standing to utilize the injunctive power of the federal courts. Consequently, Macy's motion to dismiss Payne's claims will be granted.

### B. National Alliance for Accessibility, Inc.

Plaintiffs fail to make a separate argument concerning NAA's basis for standing, but the complaint appears to rely on NAA's status as Payne's frequent litigation partner. (<u>See</u> Doc. 1 ¶ 12.) Generally, in the absence of a direct injury to an organization, it will have standing only if it can show that (1) at least one of its members would have standing to sue as an individual, (2) the interests at stake in the litigation are

germane to the organization's purpose, and (3) neither the claim made nor the relief requested requires the participation of individual members in the lawsuit. <u>Retail Indus. Leaders Ass'n v. Fielder</u>, 475 F.3d 180, 186 (4th Cir. 2007). Such associational or representative standing may be satisfied even where just one of the association's members would have standing. <u>Warth v. Seldin</u>, 422 U.S. 490, 511 (1975).

Here, the only member of NAA identified specifically in the record is Payne. Because she lacks standing to sue in her own right, NAA has failed the first prong of the associational standing test. Consequently, Macy's motion to dismiss pursuant to Rule 12(b)(1) will be granted as to NAA.[11]

## C. Defendant's Motion for Attorneys' Fees

Macy's moves for an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 as a "prevailing party." Plaintiffs fail to address this issue in their response. Section 12205 provides that the court, in its discretion, may allow the "prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." Although the court finds Plaintiffs lack standing in this case, the court cannot on

---

[11] At least one court has held that an organization that is not itself a victim of discrimination within the reach of Title III's private right of action cannot have standing. <u>See</u> <u>Equal Rights Ctr. v. Equity Residential</u>, 798 F. Supp. 2d 707, 729-30 & n.15 (D. Md. 2011) (noting that Title III of the ADA provides remedies "to any person who is being subjected to discrimination on the basis of disability"). In light of the above analysis, the court need not reach this issue.

this record conclude that the action was frivolous, unreasonable, without foundation, or filed in bad faith. See Triad Hospitality, 2012 WL 996661, at *8 (citing authority that attorneys' fees may be granted to a defendant in a civil rights action only upon a finding that plaintiff's actions were frivolous, unreasonable, or without foundation; noting an action can be frivolous even if not brought in bad faith). The court, therefore, need not consider whether a defendant is a "prevailing party" under section 12205 when the court does not reach the underlying merits but dismisses the action for lack of jurisdiction pursuant to Rule 12(b)(1). See Nassimi Amsterdam, No. 5:11-cv-00769-BO, Doc. 28 at 8 (discussing "prevailing party" issue but finding defendant "failed to meet the threshold of demonstrating that this case is frivolous or unreasonable"). The court in its discretion, therefore, will deny Macy's request for attorneys' fees. See Triad Hospitality, 2012 WL 996661, at *8-9 (declining to award fees under similar circumstances).

## III. CONCLUSION

For the reasons stated, the court finds that Plaintiffs have not established standing in this case and the complaint must be dismissed pursuant to Rule 12(b)(1). Macy's request for attorney fees is denied.

IT IS THEREFORE ORDERED that Macy's motion to dismiss the complaint (Doc. 14) is GRANTED and that its related request for attorneys' fees is DENIED.

      /s/    Thomas D. Schroeder
    United States District Judge

October 30, 2012